AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
6/3/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
6/3/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VV _____ DEPUTY

United States of America

v.

Charles Maris,

Defendant

Case No. 2:25-MJ-03389-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 5, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Seth Larson*
Complainant's signature

Seth Larson, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 6/3/2025

Judge's signature

City and state: Los Angeles, California

Hon. Margo A. Rocconi, U.S. Magistrate Judge
Printed name and title

AUSA: Matthew J. Tako (x0705)

**AFFIDAVIT**

I, Seth Larson, being duly sworn, declare and state as follows:

I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint against, and arrest warrant for, CHARLES MARIS ("MARIS") for a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

II. **BACKGROUND OF AFFIANT**

3. I am a sworn Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since December 2023. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, and have completed specialized training at the ATF National Academy's Special Agent Basic Training course. I have received training in federal firearms and narcotics laws, narcotics identification,

1

confidential source handling, and various surveillance and investigative techniques. I am currently assigned to the ATF Los Angeles Field Division, Long Beach Field Office, in California.

4. Prior to becoming an ATF SA, I was employed with the Department of Homeland Security ("DHS"), under the Federal Protective Service ("FPS"), as a Law Enforcement Specialist – Explosive Detection Canine Handler ("EDCH") where I received training from FLETC in the enforcement of federal rules and regulations. I have received hundreds of hours of formal and informal training from FLETC's Physical Security Training Program ("PSTP") to include conceptual security considerations, vulnerabilities assessments, and familiarization with hardware and procedures.

5. Prior to becoming an EDCH with FPS, I was an EDCH, a Behavioral Detection Officer ("BDO") and a Transportation Security Officer ("TSO") with DHS, under the Transportation Security Administration ("TSA"). My training consisted of identifying and preventing Improvised Explosive Devices ("IED") from being transported onto an aircraft, by utilizing an X-ray, and various security machinery or conducting security sweeps with a trained canine.

6. In addition, I have many hours of operational experience, where I have provided support to federal buildings, federal courts and airports by conducting security sweeps for the entry of IEDs. I have also received hundreds of hours of explosives training, canine training from TSA, FPS and ATF.

### III. SUMMARY OF PROBABLE CAUSE

7. On May 5, 2025, Hawthorne Police Department ("HPD") officers arrested MARIS after discovering that he was in possession of a firearm and 28 rounds of ammunition. MARIS has at least two felony convictions, including one related to his possession of a firearm.

### IV. STATEMENT OF PROBABLE CAUSE

8. Based on my review of law enforcement reports, documents, and photographs, body worn camera footage, security footage, criminal history reports, and conversations with other law enforcement officers, as well as my own observations and knowledge of the investigation, I am aware of the following:

**A. Officers Responding to an Early Morning Call Find MARIS With a Loaded AR-15**

9. In the early morning hours of May 5, 2025, an individual (the "victim") was returning to his/her apartment in a large complex at or near 13007 S Kornblum Avenue in Hawthorne, California, when he/she noticed MARIS following him/her with a rifle. At one point, MARIS raised the weapon, pointing it at the victim, without saying a word. The victim ran to a friend's apartment nearby where he/she ultimately called the police.

10. HPD Officers Dreisson and Tysl responded to the call, looking for MARIS walking with what appeared to be a rifle. At approximately 2:24 AM, they saw an individual matching the description given by the reporting party.

11. As Officers Dreissen and Tysl drove towards MARIS's direction, they saw MARIS carrying an AR-style firearm and toss it under a parked vehicle. MARIS continued to walk southbound.

12. Based on my review of multiple officers' body worn camera footage, reports and photographs, I know the following:

    a. From under the vehicle where officers saw MARIS discard the firearm, officers recovered a Radical Firearms, model RF-15, .223 caliber, AR-style pistol bearing serial number 20-064721.

    b. Mounted underneath the barrel of the AR-style pistol was a 37mm Spike's Tactical Havoc launcher, which is capable of launching flares.

    c. The firearm was also accompanied by 28 rounds of .223 caliber ammunition. Twenty-six rounds were loaded in the magazine of the firearm, and two rounds were jammed in the chamber of the firearm, which from my training and experience, is indicative of an ammunition misfeed or another malfunction when the firearm was loaded.

**B. Security Footage Shows MARIS In the Victim's Apartment with the Firearm**

13. Law enforcement officers subsequently obtained security footage from the early morning of May 5, 2025, which shows the interior of the victim's apartment. MARIS's clothing and appearance in the security footage is consistent with his clothing and appearance in the body cam footage. The security footage shows MARIS walking around inside the victim's apartment

with what appears to be an AR-style firearm, consistent with the recovered firearm described above, in his right hand:

 

### C. MARIS's Criminal History

14. On May 7, 2025, I obtained and reviewed a Los Angeles County Consolidated Criminal History Report System ("CCHRS") criminal history report for MARIS. Based on my review of these reports, I learned that MARIS was/is actively on formal probation from November 15, 2024, through November 15, 2026, for felon in possession and has been convicted of the following felonies, each punishable by a term of imprisonment exceeding one year:

5

   a. On or about October 17, 2012, MARIS was convicted of transporting/selling controlled substances in violation of CA Health & Safety Code Section 11352(a) in Los Angeles County Superior Court case number BA387373-02.

   b. On or about November 15, 2024, MARIS was convicted of felon in possession of a firearm in violation of CA Penal Code 29800(a)(1) in Los Angeles County Superior Court case number 24CJCF030402-01.

 15. On May 14, 2025, I obtained and reviewed the certified docket records from the LASC Clerk's Office for case number 24CJCF030402-01, The People of the State of California vs. Charles Maris.  Included in those records was the Minute Order from MARIS's change of plea and sentencing hearing.

   a. Based on my review of these records, I learned that on or about August 1, 2024, a two-count information was filed against MARIS.  Count One charged MARIS with Assault with a Semiautomatic Firearm, in violation of CA Penal Code section 245(b), for "willfully and unlawfully commit[ing] and assault upon [Victim D.A.] with a semiautomatic firearm."  Count Two charged MARIS with being a felon in possession of a firearm in violation of CA Penal Code section 29800(a)(1).  The information also alleged that MARIS "engaged in violent conduct . . . that indicates a serious danger to society, within the meaning of California Rules of Court Rule 4.421(b)(1).

   b. I am also aware that on November 15, 2024, MARIS accepted a plea offer and was convicted of Count Two (California felon in possession) and that he also admitted the Aggravating

6

Circumstance Allegation – i.e., that he committed a violent act indicating a serious danger to society – under Rule of Court 4.421(b)(1). MARIS was sentenced to two years of formal probation and given credit for one day of custody in Los Angeles County jail.

**D.     Interstate Nexus**

16.    On May 24, 2025, an ATF Interstate Nexus Agent examined photos of the firearm and ammunition and concluded that the firearm and ammunition were not manufactured in the State of California. Therefore, in the Nexus Agent's opinion, for the firearm and ammunition to have been recovered in California, they must have moved in and/or affected interstate or foreign commerce.

## V.     CONCLUSION

17.    For all the reasons described above, there is probable cause to believe that MARIS violated 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 3rd day of June,
2025.

_____
THE HONORABLE MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

7